In re BAKER.

(Supreme Court, Special Term, Erie County.  April 28, 1916.)

1. CORPORATIONS ⬅49(2)—MISLEADING USE OF NAME—INJUNCTION.

The right to relief by injunction against the unfair and misleading use of a corporate name is not confined to business corporations, but extends to benevolent, humane, and charitable organizations incorporated under the laws of the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 137; Dec. Dig. ⬅49(2).]

2. CORPORATIONS ⬅49(2)—NAMES—RELIGIOUS SOCIETIES—MISLEADING USE.

The "Polish Roman Catholic Church of the Holy Mother of the Rosary of Buffalo, N. Y.," was incorporated under Religious Corporations Law (Consol. Laws 1909, c. 51) art. 10, and its affairs were thereafter conducted as an organization independent of the Roman Catholic Church, though its services were similar to those of that church.  The administrator of the diocese of Buffalo applied for an order restraining the operation of an order authorizing a change in its name to "the Polish National Catholic Church of the Holy Mother of the Rosary," on the ground that the proposed change would be confusing, and would mislead members of the Roman Catholic Church and Polish members thereof into believing that the church was a Roman Catholic church, formed to unite Roman Catholics of the Polish race.  *Held*, that the application would be denied.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 137; Dec. Dig. ⬅49(2).]

Application by Nelson H. Baker, as Administrator of the Diocese of Buffalo, for an order vacating an order dated the 17th day of February, 1916, and filed in the Erie county clerk's office on the 18th day of February, 1916, authorizing a change of name of "the Polish Roman Catholic Church of the Holy Mother of the Rosary of Buffalo, N. Y.," to "the Polish National Catholic Church of the Holy Mother of the Rosary," and for the vacation of said order.  Application denied.

Kenefick, Cooke, Mitchell & Bass, of Buffalo (Daniel J. Kenefick, of Buffalo, of counsel), for the application.

Rogers, Locke & Babcock, of Buffalo (Charles B. Sears, of Buffalo, of counsel), opposed.

BISSELL, J.  This is an application to vacate an order, heretofore granted by this court, authorizing the change of the name of "the Polish Roman Catholic Church of the Holy Mother of the Rosary of Buffalo, N. Y.," to "the Polish National Catholic Church of the Holy Mother of the Rosary."

The papers read on the motion show that "the Polish Roman Catholic Church of the Holy Mother of the Rosary of Buffalo, N. Y.," was duly incorporated under a law of the state of New York (section 3, chapter 60, Laws of 1813, now article 10 of the Religious Corporations Law) in the year 1895, by persons who had formerly been members of St. Adelbert's Roman Catholic Church, and that for about 21 years thereafter its affairs were conducted as an organization acting independently of the jurisdiction of the Roman Catholic Church.  In September, 1913, as the result of litigation, possession of the church

property was delivered to the Roman Catholic Diocese of Buffalo, and as the result of further litigation possession of the property was returned to "the Polish Roman Catholic Church of the Holy Mother of the Rosary of Buffalo, N. Y.," on July 30, 1915. In the course of the litigation it was established that the corporation "is and always has been an independent ecclesiastical body, but that the services conducted were generally similar to those of the Roman Catholic Church."

The petition for a change of the corporate name was presented to the court after the return of the property, and, among other things, alleges that:

"The experience of your petitioner, especially during this litigation, has convinced the officers and congregation of your petitioner that it is extremely desirable to change the name of your petitioner to a title which will clearly indicate, beyond any possibility of misunderstanding, the difference between your petitioner and the Roman Catholic Church; and the congregation has voted unanimously in favor of this change at a special corporate meeting duly called and held."

Annexed to the petition was a certificate of the secretary of state to the effect that the new name which the petitioner proposed to assume is not the name of any other domestic corporation, or a name which he deems so nearly resembling it as to be calculated to deceive. It is not denied on this application, and an examination of the statute discloses, that the proceedings for a change of its corporate name were conducted by this corporation in all respects in accordance with the requirements of sections 60, 62, and 63 of the General Corporation Law.

The only question, therefore, to be determined on this application, is whether the change of name to "the Polish *National* Catholic Church of the Holy Mother of the Rosary" will injure the Roman Catholic churches of the Diocese of Buffalo, by the creation of a false impression that this church is a duly authorized Roman Catholic church, subject to the jurisdiction of the Pope, and is an authorized branch of the Roman Catholic Church, organized for persons of Polish nationality, and constituting a *national* church for such persons.

[1, 2] The rule has been established that the right to relief by injunction against the unfair and misleading use of a corporate name is not confined to business corporations, but extends to benevolent, humane, and charitable organizations incorporated under the laws of this state (B. P. O. Elks v. Improved B. P. O. Elks, 205 N. Y. 459, 98 N. E. 756, L. R. A. 1915B, 1074, Ann. Cas. 1913E, 639), and it would seem that, if this rule had been invoked by the Roman Catholic Diocese of Buffalo to prevent the use by the independent ecclesiastical body now under consideration of the name adopted by it, at the time of its incorporation in 1895, or soon enough thereafter to escape the intervention of the equitable doctrine of laches, due to inexcusable delay in asserting a right, the use of the name then adopted would probably have been restrained, as calculated to deceive the public.

It is the contention of the Diocese of Buffalo that the proposed change of name to "the Polish *National* Catholic Church of the Holy Mother of the Rosary" will be confusing and misleading, and will

be the cause of deceiving various members of the Roman Catholic Church and Polish members thereof in this vicinity into believing that this independent church is a duly authorized Roman Catholic church, formed for the purpose of uniting into one organization all Roman Catholics who are of the Polish nationality or race.

It would seem that the new name now proposed would be less likely to mislead "faithful" Roman Catholics than the name which has been used by this independent church without objection for more than 20 years, and which will continue as its name if the order permitting the use of the changed name is vacated. The combination of the words "Polish Roman Catholic Church" is surely more strongly indicative of allegiance to the See of Rome, to the authority of the Pope, than the combination "Polish National Catholic Church." The use of the word "Polish" in both titles conveys practically the same impression, to wit, that all of the members of this organization are of the Polish nationality or race; but the addition of the word "national" will not necessarily convey the impression that the members are of the Roman Catholic faith.

Reference was made on the argument to the historic fact that the Roman Catholic Church was once the "national" or established church of Poland. It is true that the constitution adopted May 3, 1791, by the diet held at Warsaw, provided that the national religion of Poland should be the "Roman Catholic faith"; but this constitution was in force for only a few years, and the dismemberment of Poland, which occurred at about the time the constitution went out of existence, placed the parts of its territory into which it was partitioned under the dominion of the three adjacent nations of Russia, Prussia, and Austria. The Greek orthodox church is, by law, the state church of Russia, and the government of Prussia is a so-called Protestant government; and while it is well known that the dominant religion of the people of Poland is the Roman Catholic religion, there has been in Poland no national church for more than 100 years, and the Polish people are now divided in religious faith among the Roman Catholics, Greek Catholics, Jews, and Protestants. The word "Catholic" is generally applied in this country to the adherents of the Roman Catholic faith; but the word is also used by several Protestant sects, and is recited by them in their several creeds.

I am of the opinion that, although the adoption of some other name than the name recently adopted might better accomplish the objects claimed to be desired by both parties, the new name, "the Polish *National* Catholic Church of the Holy Mother of the Rosary" will be less likely to create the impression that this body is a duly authorized Roman Catholic church, than the continuance of the name originally adopted in its articles of incorporation.

The application for an order restraining the operation and effectiveness of the order granted by a justice of this court on the 17th day of February, 1916, and filed in the Erie county clerk's office on the 18th day of February, 1916, is therefore denied.